[No. 3806.   Decided December 10, 1901.]

ELLEN WYATT, as *Executrix, Respondent,* v. FRANK P. HEMAN, *Appellant.*

SALES — ACTION FOR BREACH OF CONTRACT — TENDER OF BILL OF SALE ON TRIAL — HARMLESS ERROR.

In an action to recover the price of a vessel which defendant had contracted to purchase, the action of the court in permitting plaintiff to tender a bill of sale at the trial and file the same in court was not prejudicial, where the bill of sale had been tendered at the time of the offer to deliver the vessel and the refusal to accept tender at that time was merely an incident of the refusal to receive the delivery of the vessel.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*L. H. Wheeler,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—In April, 1900, R. Wyatt commenced this action against defendant. The complaint stated that in February, 1900, at Holly, in Kitsap county, plaintiff and defendant entered into an agreement by which defendant purchased from plaintiff, at the price of $500, the vessel known as the "Ellen W.," and thereupon plaintiff paid the sum of $20 as part of the purchase price, the balance to be paid on delivery of the vessel at Ballard in King county; that plaintiff delivered the vessel, and tendered a bill of sale thereof, and offered the vessel, and requested defendant to receive and accept the same; that defendant refused to accept the vessel or pay the balance of the purchase money; that defendant failed to comply with the agreement on his part. Demand was made for judgment in the sum of $480. Plaintiff thereafter died and Ellen Wyatt, as executrix, was substituted as plaintiff herein. The answer denied the allegations of the complaint, and, for affirmative defense, alleged that plaintiff represented the boat was well built and staunch, and that the vessel was to be sent to Ballard for examination by defendant; that the boat was thereafter sent to Ballard, and defendant examined the same, and found that it did not agree with the representations; that it was faultily constructed and in a bad condition, and unfit and unsuited to make the contemplated voyage to Alaska; that defendant notified the son and agent of plaintiff, who brought the boat to Ballard, that the boat did not correspond with the representations; that it was faulty and defective; that thereupon the agent of plaintiff demanded from defendant a return of the papers which had been executed for

the purpose of transferring the boat to defendant in the event he should purchase the same; and that the papers were returned. Defendant denied the delivery of the boat. The reply denies the facts set up as an affirmative defense. The jury returned a verdict in favor of plaintiff.

The first error that seems to be assigned by appellant is that upon the trial of the action plaintiff was permitted to tender the bill of sale to the defendant, and the court observed that this established the cause of action; and it is urged that the uncontradicted evidence shows that, if the contract was originally made as claimed by plaintiff, the same was by mutual consent of the parties rescinded. But the written agreement made at the time was as follows:

"Holly, Washington, 2-3-1900.

"This is to certify that Frank P. Heman has paid me $20 as part payment for my schooner Ellen W., and he agrees to pay the balance of the purchase money, $480, making $500 in all, as soon as I deliver the schooner Ellen W. at Ballard; allowing me two weeks in which to deliver her.                    Frank P. Heman; R. Wyatt."

It may be observed that the tender of the bill of sale by the plaintiff to the defendant at the trial seems to be wholly immaterial. Under the testimony, the bill of sale was tendered at the time of delivery of the vessel at Ballard. If defendant then refused to receive it, the refusal of such tender was nothing more than an incident of his refusal to receive the delivery of the boat. The tender at the trial and the filing of the bill of sale in court over the defendant's objection was an unimportant incident. The evidence as to the sale at Holly on the 3d of February is conflicting. The writing then made does not imply any representations or warranty upon the part of the plaintiff, but did require the delivery at Ballard, which delivery

is not a controverted fact in the case.  The record here seems to present only questions of fact which were submitted to the jury, and the verdict must be conclusive.

Affirmed.

FULLERTON, ANDERS, DUNBAR and MOUNT, JJ., concur.